### JOSIAH BRUCE *vs.* ALBERT L. SOULE.

### Lincoln.    Opinion June 5, 1879.

*Slander. Actionable words,—amendment.*

To speak of and concerning the plaintiff, "he has not been able to do any work for the last three or four years; that he was about dead with the bad disease, and that his died with it;" is not actionable. The words do not import a charge of having a loathsome or contagious disease,—this being necessary in actions for such slanders.

Motions for amendments should be passed upon by the court at *nisi prius.* Amendments which do not appear to be for the same cause of action set out in the declaration are not allowable.

Where the words spoken, upon which the plaintiff relies, are proved, if there appears to be a variance between the allegations in the declaration and such word in the tense of the verb, or in some other particular, and still the judge can see that the cause of action is substantially the same, it will be competent for him to allow the necessary amendment to obviate the variance on such terms as he may deem just.

ON REPORT.

ACTION OF SLANDER. When the case came up for trial at *nisi prius,* after issue joined, the presiding judge, on inspection of the writ, ruled that, if all the facts were proved as alleged, the plaintiff would not be entitled to a verdict. To this ruling the plaintiff duly excepted.

The plaintiff then offered three additional counts as amendments. Whereupon, at the suggestion of the court, without any ruling on the amendments, it was agreed that the whole case should be reported to the full court; the writ, pleadings and amendments to be a part of the case, and the court to decide whether the action was or was not maintainable on the original writ, and to have full power to allow or disallow the amendments or any of them, and, if allowed, upon such terms or without terms as they deem proper.

There were two counts in the plaintiff's writ which, leaving out the formal and immaterial parts, charged the slanderous words as follows :

I. " He (meaning the plaintiff) has not been able to do any work for the last three or four years ; that he (meaning the plaintiff) was about dead with the bad disorder (meaning the venereal disease or pox), and that his (meaning the plaintiff's wife) died with it (meaning that the plaintiff, while he was a married man and his wife was living, had committed adultery with some woman of bad character and contracted the venereal disease and communicated it to his wife from the effects of which she died) ; by means of which false, scandalous and malicious words so spoken of and concerning the plaintiff by the defendant, the plaintiff has been brought into public scandal and disgrace and greatly injured in his good name and otherwise."

II. " He (meaning the plaintiff) has not been able to do any work for the last three or four years ; that he (meaning the plaintiff) was about dead with the bad disorder (meaning that the plaintiff was about dead with the venereal disease or pox); that his (meaning the plaintiff's wife) died with it (meaning that the plaintiff, while he was a married man and had a lawful wife living, had committed adultery with some bad woman, not his wife, and had thereby contracted the venereal disease, and had communicated it to his wife, from the effects of which she had died) ; by means of which false, scandalous and malicious words so spoken by defendant," etc.

Plea, the general issue, and following brief statement :

And said defendant, for a brief statement of his further defense, by leave of court pleaded, protesting that he did not utter or speak the words set forth in the plaintiff's declaration of and concerning the plaintiff, says that there are no sufficient allegations in said plaintiff's writ and declaration of any matter or thing to constitute slander, and that the words in said declaration alleged to be slanderous are not slanderous as therein set forth.

Amendments filed and offered were as follows, leaving out the formal parts :

I. " He (meaning the plaintiff) has had the pox for the last ten

or fifteen years and gave it to his wife, and that is what his wife died with (meaning that the plaintiff, while he was a married man and having a lawful wife living, had committed adultery with some bad woman not his wife, and had thereby contracted the pox, and had communicated it to his wife, from the effects of which she died); and that he still had said disease; by means of which false, scandalous, and defamatory words," etc.

II. " He " (meaning the plaintiff) has not been able to do any work for the last four or five years; that he (meaning the plaintiff) is about dead with the pox; that he (meaning the plaintiff) gave it to his wife and she died with it (meaning that the plaintiff, while he was a married man and had a lawful wife living, had committed adultery with some bad woman not his wife, and had thereby contracted the pox and communicated it to his wife, from the effects of which she died, and that said disease still remained on him); by means of which false, scandalous and defamatory and malicious words so spoken by the defendant," etc.

III. " Also for that the plaintiff, on the 10th day of April, 1875, was a citizen of Somerville, in good standing and character and ever had been, and during more than forty years prior to said day, and until within a few months of said day had been a married man having a lawful wife living, who had died less than a year prior to said day, yet said defendant, well knowing the premises, and wickedly and maliciously intending to injure the plaintiff in his good name and character in the community where he resided, and to deprive him of public confidence and respect, and to expose him to punishment, heretofore, to wit: on the 10th day of April, 1875, in a certain discourse, which he then and there had of and concerning the plaintiff, and of and concerning him as a married man and having a lawful wife then living, did, in the presence and hearing of divers persons, falsely and maliciously charge and publish that the plaintiff had committed the crime of adultery, by saying, in substance, that the plaintiff, while he was a married man and had a lawful wife still living, had criminal intercourse with some bad woman not his wife, and contracted the pox and communicated it to his wife, by which she had died, and that the plaintiff still had said disease; by means of which false, scan-

dalous and defamatory and malicious words so spoken by the defendant the plaintiff has been brought into public scandal and disgrace and greatly injured in his good name and character and exposed him to punishment for adultery."

*O. D. Baker,* for the plaintiff, contended, *inter alia,* that, even if the words " bad disorder " were equally susceptible of two meanings, the innuendo may properly explain in which of the meanings the words were actually used, and this without special prefatory averments, and cited *Thompson* v. *Lurk,* 2 Watts, 17–20. *McKennon* v. *Greer,* 2 *Id.* 350. *Hayes* v. *Brierly,* 4 *Id.* 392. *Kennedy* v. *Gifford,* 19 Wend. 296–299. *Griffith* v. *Lewis,* 8 A. & E. 841–851. *Clegg* v. *Laffer,* 10 Bing. 250. *Dollam* v. *Bushey,* 16 Pa. St. 208. *Vanderlip* v. *Roe,* 23 *Id.* 82. *Van Slyke* v. *Carpenter,* 7 Wis. 173.

The averment must be by introduction, if it seeks to introduce new matter, but by innuendo, if it is only to explain the old. Barhanis' Case, 4 Co. 20. *(a).* *Bloss* v. *Tobey,* 2 Pick. 320–329. *Rex* v. *Horne.* Camp. 672–679.

Amendments are allowable. *Pullen* v. *Hutchinson,* 25 Maine, 249–252. *Brewer* v. *East Machias,* 27 Maine, 489. *Bolster* v. *China,* 67 Maine, 551. *Lister* v. *McNeal,* 12 Ind. 302. *Conroe* v. *Conroe,* 47 Pa. St. 198. *Dougherty* v. *Bently,* 1 Cranch. C. Ct. 219. *Gay* v. *Homer,* 13 Pick. 535.

*A. P. Gould & J. E. Moore,* for the defendant, contended :

I. The words set out in the plaintiff's original declaration are not actionable. *Bloss* v. *Tobey,* 2 Pick. 320–328. *Barnes* v. *Trundy,* 31 Maine, 321–323. *Poland* v. *Lyon,* 1 Otto, (9 U. S.) 225. *Bloodworth* v. *Gray,* 8 Scotts, 9, cited in Am. Lead. Cas. (3 ed.) 123. *Carslake* v. *Mapledoram,* 2 Term. 473. Hill. Torts, 303. *Nichols* v. *Gray,* 2 Carter (Ind.), 82. *Taylor* v. *Hale,* 2 Strong. 1189. Stark. Slan. 100, 101 [115]. 2 Saund. Ev. & Pl. 322.

"A difference in the tense of the words proved and that alleged will defeat a recovery, as the use of ' has ' for ' had.' " Hill. Rem. for Torts, 375. 2 Saund., *supra.* *Whiting* v. *Smith,* 13

Pick. 364. *Allen* v. *Perkins*, 17 *Id.* 369, and many other cases cited.

II. Innuendo cannot enlarge meaning of words, or supply omissions of necessary inducement. *Emery* v. *Prescott*, 54 Maine, 389. *Van Vechter* v. *Hopkins*, 5 Johns. 211–219. *Patterson* v. *Wilkinson*, 55 Maine, 42. *Sturtevant* v. *Root*, 27 N. H. 69–73. *Emery* v. *Prescott*, 54 Maine, 392. *Brown* v. *Brown*, 14 Maine, 317. *Wing* v. *Wing*, 66 *Id.* 62. *Britten* v. *Anthony*, 103 Mass. 37.

III. Amendments. Not allowable, because a new cause of action is set out. *Milliken* v. *Whitehouse*, 49 Maine, 527. *Nye* v. *Otis*, 8 Mass. 122. *Allen* v. *Perkins, supra.*

The cause of action, in the case at bar, is the speaking of certain words ; these words are set out in the writ. By the amendments offered the plaintiff charges that the defendant used other and very different words, and words actionable, while the slanderous words in the writ are not.

Libbey, J. An action will lie, without proof of special damage, for speaking words charging the plaintiff with having a loathsome or contagious disease, the effect of which imputation, if believed, would be to exclude him from society. Stark. Slan. 97. *Chaddock* v. *Briggs*, 13 Mass. 248. *Joannes* v. *Burt*, 6 Allen, 236.

" The ground of the action being the presumption of the plaintiff's exclusion from society, no action will lie for an imputation in the past tense, since such an assertion does not represent the plaintiff, at the time of speaking, as unfit for society, and therefore the substance of the action is wanting." Stark. Slan. 98. *Carslake* v. *Mapledoram*, 2 T. R. 473.

In the declaration the words alleged to have been spoken by the defendant, without the innuendoes, are as follows : " He has not been able to do any work for the last three or four years ; that he was about dead with the bad disorder, and that his died with it." These words are included in quotation marks, and are set out as the precise words spoken by the defendant. They do not charge the plaintiff with having the " bad disorder " at the

time of speaking, but that "he was," in the past tense, about dead with it.   We think they are not, therefore, actionable.

But the defendant did not demur to the declaration, and by so doing raise the question of its sufficiency directly.   He pleaded the general issue, which was joined ; and, after an intimation from the presiding judge that no cause of action was set out in the declaration, the defendant asked leave to amend by adding three new counts ; and one of the stipulations in the report is that this court shall have full power to allow or disallow the amendments.

All motions for amendments should be passed upon by the court at *nisi prius.   Crooker* v. *Craig,* 46 Maine, 327.   *Thompson* v. *McIntire,* 48 Maine, 34.

As the case comes to us, we cannot determine whether the new counts are for the same cause of action set out in the original declaration or not.   So far as we can determine from a comparison of the allegations in the first and third amendments with the allegations in the original declaration, those counts do not appear to be for the same cause of action, and we think they are not allowable.   The second amendment offered may or may not be for the same cause.   It can only be determined when the words spoken, upon which the plaintiff relies, are proved.   Then, if there appears to be a variance between the allegations in the declaration and the words proved, in the tense of the verb used, or in some other particular, and still the judge can see that the cause of action is substantially the same, it will, undoubtedly, be competent for him to allow the necessary amendment to obviate the variance, on such terms as he may deem just ; and he can then confine the plaintiff to proof of one slanderous charge in support of his action.

If this court should allow the amendments, we see nothing to prevent the plaintiff, on trial of the action, from proving as many distinct slanders as he has counts in his writ; when, by his original declaration, he can recover for but one.   This would introduce a new cause of action.

*Action to stand for trial.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and SYMONDS, JJ., concurred.